1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARIE REDEKER,                           )
                                        )
            Plaintiff,                  )
                                        )        Case No. 2:15-cv-00927-RFB-VCF
      v.                                )
                                        )
NEVADA DEPARTMENT OF                    )
CORRECTIONS, *et al.,*                  )        **ORDER**
                                        )
            Defendants.                 )
                                        )
_____

I.      **DISCUSSION**

        On January 27, 2016, this Court issued a screening order and ordered Plaintiff to file
a new complaint within 30 days.  (ECF No. 11).  On February 5, 2016, Plaintiff filed an
"objection" to the Court's screening order and a motion for extension of time to file an
amended complaint.  (ECF No. 13, 14).

        The Court construes Plaintiff's "objection" an a motion for reconsideration.  A motion
to reconsider must set forth "some valid reason why the court should reconsider its prior
decision" and set "forth facts or law of a strongly convincing nature to persuade the court to
reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev.
2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered
evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there
is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255,
1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same
issues and arguments upon which the court already has ruled."  *Brown v. Kinross Gold,
U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

1  Plaintiff objects to the screening order on the grounds that the liberal pleading standard

2  was ignored and that by attaching kites, grievances, and administrative forms to the complaint,

3  he satisfied the pleading requirements.  In the screening order, the Court noted that Plaintiff's

4  allegations were vague and conclusory and failed to identify any defendants by name other

5  than at the outset of the complaint.  (ECF No. 11 at 4).  The Court directed Plaintiff to file an

6  amended complaint that connected the defendants with the alleged constitutional violations

7  and included relevant dates, among other information.  (*Id*.).  In his motion, Plaintiff states this

8  information is provided in the 50-plus pages of exhibits attached to his complaint, in the form

9  of grievances, kites, and administrative forms.  (ECF No. 13 at 2).

10  It is not the Court's function to review the exhibits to fashion Plaintiff's allegations for

11  him. Rather, in order to be in compliance with Rule 8(a)(2) of the Federal Rules of Civil

12  Procedure, Plaintiff must set forth the specific acts of a defendant that violated Plaintiff's rights

13  within the allegations of his complaint. *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.

14  5 (9th Cir.1982).  The Court is not required as a matter of law in performing its screening duty

15  under Section 1915A to extensively review Plaintiff's complaint and exhibits and organize the

16  allegations and identify the defendants contained in material attached to the complaint.  This

17  court result in the Court misinterpreting the Plaintiff's complaint.  Plaintiff is required to and

18  must comply with Rule 8.  The Court will dismiss the complaint with leave to file an amended

19  complaint that contains a "plain statement" of plaintiff's claims. *See McHenry v. Renne*, 84

20  F.3d 1172, 1177–78 (9th Cir. 1996).  Accordingly, if Plaintiff wishes to continue this litigation

21  he must file an amended complaint.  Plaintiff's motion for reconsideration is denied.

22

23

24  **II.    ORDER**

25  For the foregoing reasons, **IT IS ORDERED** that the motion for reconsideration (ECF

26  No. 13) is **denied**

27  **IT IS FURTHER ORDERED** that the motion for extension of time (ECF No. 14) is

28  **granted**.  Plaintiff shall file his complaint no later than **March 26, 2016.**

2

**IT IS FURTHER ORDERED** that if Plaintiff falls to file a complaint curing the deficiencies outlined in the screening order (ECF No. 11), this action shall be dismissed without prejudice.

DATED: This 9th day of February, 2016.

_____
RICHARD F. BOULWARE, II
United States District Judge