1  ADAM PAUL LAXALT
   Attorney General
2  TIFFANY E. BREINIG (Bar No. 9984)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 East Washington Ave., #3900
   Las Vegas, Nevada 89101
5  (702) 486-3125 (phone)
   (702) 486-3773 (fax)
6  E-mail: tbreinig@ag.nv.gov

7  *Attorneys for Defendants,*
   *James Cox, Dwight Neven,*
8  *Chilton Leach, Cynthia Sablica,*
   *Jacob Murphy, Robert Bannister,*
9  *and Romeo Aranas*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARIE REDEKER, | Case No. 2:15-cv-00927-RFB-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES (SECOND REQUEST)** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Plaintiff, Arie Redeker, *pro se*, and Defendants James Cox, Dwight Neven, Chilton Leach, Cynthia Sablica, Jacob Murphy, Robert Bannister, and Romeo Aranas, by and through Adam Paul Laxalt, Attorney General for the State of Nevada, and Tiffany E. Breinig, Deputy Attorney General, hereby submit their Stipulation and Order to Extend Discovery Plan and Scheduling Order Deadlines (Second Request) pursuant to LR 26-4 and LR IA 6-1.

///

///

///

## I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

Arie Redeker (Plaintiff) is an inmate currently in the custody of the Nevada Department of Corrections (NDOC), housed at High Desert State Prison (HDSP). On March 16, 2016, Plaintiff filed a First Amended Civil Rights Complaint Pursuant to 42 U.S.C. Section 1883 (Complaint), alleging First and Eighth Amendment claims, and a State law negligent supervision claim against multiple defendants for events that took place while Plaintiff was housed at HDSP. ECF No. 16.

On April 6, 2017, this Court granted the parties Stipulation and Order to Extend Discovery Plan and Scheduling Order Deadlines (ECF No. 41). ECF No. 42.

On November 8, 2017, this Court granted Plaintiff's motion requesting the extension of discovery and scheduling order deadlines (ECF No. 55). ECF No. 60.

On February 20, 2018, this Court granted Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 63) and ordered the following discovery deadlines:

| | |
|---|---|
| Discovery Cut-off | May 21, 2018 |
| Expert disclosures | March 21, 2018 |
| Rebuttal expert disclosures | April 23, 2018 |
| Dispositive motions | June 20, 2018 |
| Joint Pretrial Order | July 20, 2018 |

ECF No. 65.

## II. LEGAL ARGUMENT

### A. Applicable Law

The Court has broad discretion in supervising the pretrial phase of litigation, which includes establishing discovery and other deadlines. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Local Rule IA 6-1 governs requests for extensions of time, and it requires the following: "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." Local Rule 26-4 states in pertinent part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

**(a) A statement specifying the discovery completed;**

On February 1, 2017, Plaintiff mailed requests for admissions directed to Defendants Sablica, Murphy, Aranas, and Bannister and requests for the production of documents to Defendants Aranas and Neven. Defendants each provided their responses to Plaintiff's requests on March 3, 2017.

On February 9, 2017, Plaintiff mailed interrogatories to Defendants Bannister, Leach, Murphy, Aranas (set one and set two), Neven, Sablica, and Cox and requests for the production of documents to Defendant Aranas. Defendants each provided their responses to Plaintiff's requests on March 14, 2017.

On February 15, 2017, Plaintiff mailed interrogatories to Defendants Bannister and Cox and requests for the production of documents to Defendants Bannister and Cox. Defendants each provided their responses to Plaintiff's requests on March 21, 2017.

On March 15, 2017, Plaintiff mailed interrogatories and requests for the production of documents to Defendant Cox. Defendant Cox provided his response to Plaintiff's requests on April 18, 2017.

On October 25, 2017, Defendant Aranas mailed interrogatories to Plaintiff. Plaintiff provided his responses on March 1, 2018.

On November 16, 2017, Plaintiff mailed interrogatories and requests for production of documents to Defendant Aranas. Defendant Aranas provided his response to Plaintiff's requests on December 15, 2017.

///

**(b) A specific description of the discovery that remains to be completed;**

All discovery has been completed; however, there is a dispute as to whether or not Plaintiff has properly disclosed his proposed expert witnesses.

**(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan;**

The parties stipulate to an extension of time to file dispositive motions that are currently due June 20, 2018, because there is a pending motion filed by Defendants, requesting this Court to strike Plaintiff's proposed expert witnesses and preclude them from testifying at trial. *See* ECF No. 66. The outcome of this motion will heavily impact arguments made in support of and in opposition to dispositive motions.

**(d) A proposed schedule for completing all remaining discovery.**

| | |
|---|---|
| Dispositive motions | Date of Order plus 90 days |
| Joint Pretrial Order | Date of Order plus 120 days |

**B.  Good Cause Supports Defendants' Request For Extension Of Time To Discovery And Remaining Scheduling Order Deadlines**

The parties submit that there is good cause to extend the dispositive motion and remaining scheduling order deadlines. This request is made within 21 days of the dispositive motion deadline, which is June 20, 2018. The parties held a teleconference on May 16, 2018, to discuss Defendants' pending motion and have agreed that an extension will allow the parties to determine litigation strategies, arguments, and preparation based upon this Court's ruling on whether or not Plaintiff's proposed expert witnesses can proffer testimony at trial. Should this Court deny Defendants' request to strike Plaintiff's proposed expert witnesses and preclude them from testifying at trial, Defendants, in the alternative, have requested this Court order Plaintiff to fully comply with FED. R. CIV. P. 26(a) and allow Defendants sufficient time to retain and disclose a rebuttal expert. Thus, the parties agreed that an extension of time to file dispositive motions will allow Plaintiff and Defendants sufficient time to comply with such Court order.

///

## III. CONCLUSION

Wherefore, the parties submit that there is good cause for the extension of additional time for dispositive motions in this case. This request for an extension of time is made in good faith and not for the purpose of undue delay. The parties respectfully request that this Court grant their request for an extension of time for the discovery and dispositive motion deadlines as set forth above.

DATED this 17th day of May, 2018.

By: /s/
ARIE REDEKER
*Plaintiff in Pro Se*

DATED this 18th day of May, 2018.

ADAM PAUL LAXALT
Attorney General

By: /s/
TIFFANY E. BREINIG
Deputy Attorney General
*Attorneys for Defendants*

**IT SO ORDERED.**

Dated this 18th day of May, 2018.

/s/
UNITED STATES MAGISTRATE JUDGE

Dispositive Motions must be filed on or before September 18, 2018.
The Joint Pretrial Order must be filed on or before October 18, 2018. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.