**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ARIE REDEKER,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | 2:15-cv-00927-RFB-VCF<br>**ORDER**<br><br>MOTIONS TO STRIKE EXPERT WITNESSES [ECF NO. 66] |

Before the Court is Defendants' Motion to Strike Plaintiff's Proposed Expert Witnesses and Preclude Them from Testifying at Trial. (ECF No. 66). For the reasons stated below, Defendants' motion is granted in part.

## BACKGROUND

The Plaintiff in this case alleges Defendants improperly delayed treatment of his eye condition while Plaintiff was, and still is, incarcerated. (ECF No. 16 at 5). The Court set the initial disclosure deadline for March 21, 2018; the rebuttal expert disclosure deadline for April 23, 2018; and the discovery deadline for May 21, 2018. (ECF No. 65).

Plaintiff mailed his initial expert disclosure to Defendants on March 15, 2018. (ECF No. 66 at 2). The disclosure lists three treating physicians: Dr. Leaks, Dr. Stradling, and Dr. Casey. (ECF No. 66-1). Plaintiff states the three treating physicians are expected to testify as to their "opinion of whether the NDOC's actions as to Redeker's cataracts constitute a violation of the 8th Amend. for inadequate medical care under *Colwell*." (*Id.* at 3).

1

On April 19, 2018, Defendants sent a letter to Plaintiff stating his disclosure was insufficient because he failed to reveal the experts' actual opinions. (ECF No. 66-2). The next day, Plaintiff mailed a Supplemental Expert Disclosure for Dr. Casey containing his report and opinion. (ECF No. 66-3). Plaintiff has not supplemented his expert disclosure regarding the other two treating physicians.

On May 17, 2018, Defendants filed a motion to strike Plaintiff's experts. (ECF No. 66). Defendants argue the initial disclosure does not satisfy Federal Rule of Civil Procedure 26(a)(2)(C) and the supplement was untimely. (*Id*. at 5-6). In the alternative, Defendants ask that the rebuttal expert deadline be extended. (*Id*. at 7). In his response, Plaintiff generally argues that his disclosure was timely and he has the right to supplement the disclosure as needed. (ECF No. 69). Plaintiff notes Defendants waited more than a month to tell Plaintiff the disclosure was insufficient, and Plaintiff responded to the letter the next day. (*Id*.).[1]

**ANALYSIS**

Under Federal Rule of Civil Procedure 26(a)(2)(C), expert disclosures for treating physicians must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." "[T]he disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." *Alfaro v. D. Las Vegas, Inc*., No. 2:15-cv-02190-MMD-PAL, 2016 WL 4473421, at *14 (D. Nev. Aug. 24, 2016). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

---

[1] Plaintiff also argues that the motion to strike was untimely, and asks that it be stricken, based on an inapplicable rule of civil procedure. (ECF No. 69 at 2; ECF No. 71 at 3-4). *See* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(f).

Plaintiff's original, timely expert disclosure does not satisfy Federal Rule of Civil Procedure 26(a)(2)(C). Plaintiff states the three treating physicians are expected to testify as to their "opinion of whether the NDOC's actions as to Redeker's cataracts constitute a violation of the 8th Amend.," without stating what the physicians' opinions actual are. (ECF No. 66-1 at 3). This does not provide Defendants sufficient information to depose or cross-examine the treating physicians or to retain rebuttal experts.

Plaintiff's supplemental disclosure for Dr. Casey contains sufficient information under Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 66-3). Dr. Casey lists and explains his opinions regarding Plaintiff's conditions. (*Id*). Though Plaintiff's supplement was untimely, the Court will extend the expert rebuttal deadline for Defendants to have the opportunity to address Dr. Casey's opinions. With the extended deadline, Plaintiff's failure to timely provide the information is harmless. Defendants' motion to strike is hereby denied with respect to Dt. Casey.[2]

Plaintiff's expert disclosures for Dr. Leaks and Dr. Stradling remain deficient. Plaintiff has not attempted to supplement his disclosures. Therefore, the Court hereby strikes Dr. Leaks and Dr. Stradling as experts and precludes them from testifying in this case.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendants' Motion to Strike Plaintiff's Proposed Expert Witnesses and Preclude Them from Testifying at Trial (ECF No. 66) is GRANTED IN PART AND DENIED IN PART. The Motion is granted as to Dr. Leaks and Dr. Stradling. The Motion is denied as to Dr. Casey.

IT IS FURTHER ORDERED that the rebuttal expert disclosure deadline is hereby extended to July 16, 2018.

---

[2] The Court notes Defendants' concern that Plaintiff may be attempting to disclose Dr. Casey as a retained expert, rather than a non-retained expert. (ECF No. 66 at 6-7). The Court is denying Defendants' motion to strike based only on the timeliness of the disclosure. The Court is not ruling on whether the disclosure is sufficient for a retained expert, and Defendants may raise this issue in a subsequent motion.

3

IT IS FURTHER ORDERED that discovery is re-opened until August 31, 2018 only to the extent required for discovery relating to Dr. Casey's opinion and that of any rebuttal expert.

IT IS FURTHER ORDERED that dispositive motions must be filed on or before October 1, 2018.

IT IS FURTHER ORDERED that the joint pretrial order must be filed on or before November 1, 2018.  If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

DATED this 15th day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE