ADAM PAUL LAXALT
  Attorney General
MATTHEW P. FEELEY (Bar. No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-3120 (phone)
(702) 486-3773 (fax)
mfeeley@ag.nv.gov

*Attorneys for Defendants*
*James Cox, Dwight Neven,*
*Chilton Leach, Cynthia Sablica,*
*Jacob Murphy, Robert Bannister,*
*Romeo Aranas, and Linda Adams*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARIE REDEKER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | CASE NO. 2:15-cv-00927-RFB-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND SCHEDULING DEADLINES**<br><br>(Defendants' Third Request) |

Plaintiff, Arie Redeker, *pro se*, and Defendants, James Cox, Dwight Neven, Chilton Leach, Cynthia Sablica, Jacob Murphy, Robert Bannister, Romeo Aranas, and Linda Adams, by and through counsel, hereby submit their Stipulation and Order to Extend Discovery and Scheduling Order Deadlines (Third Request) pursuant to LR 26-4 and LR IA 6-1 for an additional sixty (60) days.

///
///
///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Arie Redeker (Plaintiff) is an inmate lawfully incarcerated in the Nevada Department of Corrections (NDOC) and is currently housed at High Desert State Prison (HDSP). On March 16, 2016, Plaintiff filed a First Amended Civil Rights Complaint pursuant to 42 U.S.C. Section 1983 (Complaint), alleging First and Eighth Amendment claims, and a State law negligent supervision claim against multiple defendants for events that took place while Plaintiff was housed at HDSP. (ECF No. 16). The Complaint is primarily centered on the issue of Plaintiff's cataracts, and the medical treatment received by Plaintiff.

### II. RELEVANT PROCEDURAL HISTORY

On March 31, 2015, Plaintiff filed his Civil Rights Complaint in state court. (ECF No. 1-2)

On May 18, 2015, Defendants filed a Petition for Removal to federal court. (ECF No. 1)

On January 1, 2016, this Court filed a Screening Order finding the removal to federal court proper. The Court dismissed the Complaint in its entirety but granted leave to file an amended complaint within 30 days. (ECF No. 11)

On February 9, 2016, this Court granted Plaintiff's Motion for an Extension of Time, ordering Plaintiff to file an amended complaint by March 26, 2016. (ECF No. 15)

On March 16, 2016, Plaintiff filed his First Amended Civil Rights Complaint. (ECF No. 16)

On August 23, 2016, this Court filed a Screening Order to Plaintiff's Amended Complaint. (ECF No. 18)

On January 20, 2017, this Court filed a Discovery Plan and Scheduling Order (ECF No. 32).

On April 6, 2017, this Court Granted Defendants' Stipulation and Order to Extend Discovery Plan and Scheduling Order Deadlines. (ECF No. 42)

On June 23, 2017, this Court Granted Plaintiff's second Request to Extend Discovery Plan and Scheduling Order Deadlines. (ECF No. 47)

On November 8, 2017, this Court Granted Plaintiff's third Request to Extend Discovery Plan and Scheduling Order Deadlines. (ECF No. 60)

On February 20, 2018, this Court Granted Plaintiff's Fourth Request to Extend Discovery Plan and Scheduling Order Deadlines (ECF No. 65)

On May 17, 2018, Defendants filed a Motion to Strike Plaintiff's expert witness, or in the alternative, an extension of time to retain and disclose a rebuttal expert. (ECF No. 66)

On May 18, 2018, this Court granted Defendants' second Stipulation and Order to Extend Discovery Plan and Scheduling Order Deadlines. (ECF No. 68)

On June 6, 2018, Defendants filed a Notice of Change of Deputy Attorney General to the undersigned counsel. (ECF No. 70)

On June 15, 2018, this Court denied in part Defendants' Motion to Strike, but granted Defendants' request for an extension of time to retain and disclose a rebuttal expert. (ECF No. 72)

Per the Courts Order (ECF No. 72), the following deadlines were set:

| | |
|---|---|
| Rebuttal Expert Disclosure Deadline | July 16, 2018 |
| Discovery re-opened until | August 31, 2018 |
| Dispositive Motion Deadline | October 1, 2018 |
| Joint Pre-Trial Order to be filed | November 1, 2018 |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

The Parties now bring this Stipulation to Extend Discovery and Scheduling Deadlines.

///
///
///

## III. APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## IV. ARGUMENT

The parties submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional sixty (60) days. The Parties provide the following information pursuant to Local Rule 26-4.

### 1. Requirements Pursuant to Local Rule 26-4

#### a. Discovery Completed

On February 1, 2017, Plaintiff mailed requests for admissions directed to Defendants Sablica, Murphy, Aranas, and Bannister and requests for the production of documents to Defendants Aranas and Neven. Defendants each provided their responses to Plaintiff's requests on March 3, 2017.

On February 9, 2017, Plaintiff mailed interrogatories to Defendants Bannister, Leach, Murphy, Aranas (set one and set two), Neven, Sablica, and Cox and requests for the

///

production of documents to Defendant Aranas. Defendants each provided their responses to Plaintiff's requests on March 14, 2017.

On February 15, 2017, Plaintiff mailed interrogatories to Defendants Bannister and Cox and requests for the production of documents to Defendants Bannister and Cox. Defendants each provided their responses to Plaintiff's requests on March 21, 2017.

On March 15, 2017, Plaintiff mailed interrogatories and requests for the production of documents to Defendant Cox. Defendant Cox provided his response to Plaintiff's requests on April 18, 2017.

On October 25, 2017, Defendant Aranas mailed interrogatories to Plaintiff. Plaintiff provided his responses on March 1, 2018.

On November 16, 2017, Plaintiff mailed interrogatories and requests for production of documents to Defendant Aranas. Defendant Aranas provided his response to Plaintiff's requests on December 15, 2017.

On March 15, 2018, Plaintiff provided expert disclosures.

On April 20, 2018 Plaintiff provided his supplemental expert disclosures.

### b. Discovery that Remains to be Completed

The Court's Order from June 15, 2018, set a rebuttal expert deadline of July 16, 2018 and a close of discovery as to the extent required for discovery relating to Plaintiff's witness opinion and that of any rebuttal expert of August 31, 2018. Defendants require additional time to submit a rebuttal expert disclosure. Additionally, there may be outstanding discovery relating to that of any rebuttal expert.

### c. Reasons Why the Deadlines Were Not Satisfied

No deadlines have yet failed to be satisfied; however, Defendants anticipate not being able to meet the July 16, 2018 rebuttal expert disclosure deadline.

This matter was reassigned to the undersigned on June 6, 2018. (ECF No. 70). The Court's order setting the rebuttal expert disclosure date was issued only a week later on June 15, 2018. (ECF No. 72). Defendants have had to review the matter and determine the proper course of action regarding the Plaintiff's expert witness report and any potential

rebuttal expert. Defendants have taken steps towards the disclosure of a rebuttal expert, but anticipate that Defendants will not be able to provide a rebuttal expert report by July 16, 2018, or complete related discovery by August 31, 2018.

### d. Proposed Schedule for Remaining Discovery and Scheduling Deadlines

Defendants propose the following new discovery and scheduling deadlines.

| | |
|---|---|
| Rebuttal Expert Disclosure Deadline | September 14, 2018 |
| Discovery re-opened until | October 30, 2018 |
| Dispositive Motion Deadline | November 29, 2018 |
| Joint Pre-Trial Order to be filed | December 31, 2018 |

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

### 2. Good Cause Supports Defendants' Request For Extension Of Time To Discovery And Remaining Scheduling Order Deadlines

The parties submit that there is good cause to extend the dispositive motion and remaining scheduling order deadlines. This request is made within 21 days of the close of discovery deadline, which is August 31, 2018. The parties held a teleconference on July 11, 2018, to discuss Plaintiff's expert report and have agreed that an extension will allow the parties to determine litigation strategies, arguments, preparation, and continue settlement negotiations.

## V. CONCLUSION

Wherefore, the parties submit that there is good cause for the extension of additional time to extend discovery and scheduling deadlines. This request for an extension of time is made in good faith and not for the purpose of undue delay. The parties respectfully

///
///
///
///

request that this Court grant their request for an extension of time for the discovery and dispositive motion deadlines as set forth above.

DATED this 11th day of July, 2018

By: _____
ARIE REDEKER
*Plaintiff in Pro Se*

DATED this 11th day of July, 2018

ADAM PAUL LAXALT
Attorney General

By: _____
Matthew Feeley
Deputy Attorney General
*Attorneys for Defendants*

**IT SO ORDERED.**

Dated this 12th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE